E. K. TAYLOR v. R. M. HERRON *et al.*

No. 13,356. (82 Pac. 1104.)

PRACTICE, SUPREME COURT — *Partnership Note — Authority —*
*—Ratification—Verdict and Evidence.* A firm consisting of
W. and T. took in a third partner. Subsequently the new
member withdrew, and W. gave him a note for his interest
and signed the name of the old firm thereto. When suit was
brought upon the note T. denied that W. had authority to
bind him by signing the original firm name to the note or
that he had ever ratified the execution of the instrument. As
there was some evidence of authority and ratification, a
judgment for plaintiff was affirmed.

Error from Bourbon district court; WALTER L. SI-
MONS, judge. Opinion filed November 11, 1905. Af-
firmed.

*Manford Schoonover,* and *Ed. L. Eaton,* for plaintiff
in error.

*J. I. Sheppard,* and *H. A. Pritchard,* for defendants
in error.

*Per Curiam:* W. H. Webb and E. K. Taylor were
partners in the real-estate business at Fort Scott. In
the spring of 1895 they sold a one-third interest in the
business to R. M. Herron. The style of the firm was
changed to the W. H. Webb Investment Company, each
having a one-third interest in the new firm. The main
office was removed to Houston, Tex., where Webb and
Herron remained most of the time, while Taylor stayed
at the office in Fort Scott.

In July, 1895, Herron became dissatisfied and
wanted to retire from the business, and Webb gave
him a note for $500 and signed the name of the old
firm of Webb & Taylor. Herron brought this action
upon the note, making W. H. Webb and E. K. Taylor
defendants as partners, under the name of Webb &
Taylor. Webb filed a general denial, which raised no

Taylor v. Herron.

issue. Taylor, plaintiff in error, filed a verified denial alleging that he had not executed the note, and had not authorized any one to execute it for him by using his name as a member of the firm or otherwise, and denied ever having ratified the execution of the note.

A jury trial resulted in a judgment for plaintiff, and defendant Taylor complains. The only brief submitted is by plaintiff in error, and while several errors are specified counsel eliminate all of them except one. We quote from the brief:

"The question at issue in the court below was, 'Did W. H. Webb, who signed the note, have authority to bind E. K. Taylor for payment of the same?' We submit our case upon this single proposition, and submit to the court that there is not sufficient testimony in this record to support the verdict and judgment of the trial court.

"There is no evidence to prove the material fact necessary to be found and necessarily found by the verdict, namely, authority from Taylor to Webb authorizing Webb to sign the note, or any ratification by Taylor of Webb's act subsequently to the execution of the note."

This leaves nothing for us to determine except whether there is any evidence to support the verdict. From the record it appears that W. H. Webb testified that he executed the note and signed the name of Webb & Taylor; that Herron had become dissatisfied and wanted to leave; and that some time before executing the note Taylor had told him to go to work and fix it up with Herron the best way he could. This, in substance, repeated in his testimony several times, is all the evidence of any authority. Upon the question of ratification he testified that after the note was executed he talked with Taylor about it several times and that in such conversations Taylor never denied liability upon the note. The evidence is weak, and the record discloses many circumstances from which the jury might have found for defendant, but we cannot

say that there was no evidence. There was some slight evidence of authority and of ratification. The jury considered it sufficient and the trial court sanctioned it. We are powerless to weigh it here.

The judgment is affirmed.